IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALLSTATE INSURANCE COMPANY | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| GARFIELD WILLIAMS and | : | |
| ALEXIS WILLIAMS | : | |
| | : | |
| v. | : | |
| | : | |
| NAQUANA BATES, ADMINISTRATRIX | : | |
| OF THE ESTATE OF MARCUS BATES, | : | |
| DECEASED | : | NO. 13-3048 |

MEMORANDUM

Dalzell, J.                                                                                                September 22, 2014

**I.     Introduction**

We consider plaintiff Allstate Insurance Company's ("Allstate") motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). In its action for declaratory judgment pursuant to 28 U.S.C. § 2201, Allstate seeks a declaration of its rights, duties, and liabilities under a homeowners insurance policy issued to defendant Garfield Williams.  For the reasons stated below, we will grant Allstate's motion for judgment on the pleadings.

**II.    Legal Standard**

A party may move for judgment on the pleadings after the pleadings are closed, but early enough so as not to delay trial. Fed. R. Civ. P. 12(c). We may grant judgment on the pleadings only if the moving party clearly establishes that there are no material issues of fact to resolve and the moving party is entitled to judgment as a matter of law. Jablonski v. Pan American World Airways, Inc., 863 F.2d 289, 290 (3d Cir. 1988). We decide such motions applying the same

standard as we do on a motion to dismiss under Rule 12(b)(6), granting the motion only when we are certain that no relief can be granted on any set of facts. Taj Mahal Travel, Inc. v. Delta Airlines, Inc., 164 F.3d 186, 189 (E.D. Pa. 1998); Constitution Bank v. DiMarco, 815 F. Supp. 154, 157 (E.D. Pa. 1993). We consider the facts presented in the pleadings and inferences drawn therefrom in the light most favorable to the nonmoving party. Jablonski, 863 F.2d at 291.

### III.   Factual Background

Defendant Garfield Williams purchased Allstate's Standard Homeowners Policy with himself as the named insured. Complaint at ¶ 6. This policy covered Garfield Williams and his resident-spouse, defendant Alexis Williams. Id. at ¶ 7. The policy contained an exclusion for criminal acts, which read:

> **We** do not cover any **bodily injury** or **property damage** intended by, or which may reasonably be expected to result from the intentional or criminal acts or omissions of, any **insured person**. This exclusion applies even if:
> a) such **insured person** lacks the mental capacity to govern his or her own conduct;
> b) such **bodily injury** or **property damage** is of a different kind or degree than intended or reasonably expected; or
> c) such **bodily injury** or **property damage** is sustained by a different person than intended or reasonably expected.
>
> This exclusion applies regardless of whether or not such **insured person** is actually charged with, or convicted of a crime.

Id. at ¶ 16. The policy defines the insured person as the person named on the policy and that person's spouse or relative in the household. Id. at ¶ 17. This policy, with the exclusion, was in effect from December 7, 2009 through December 7, 2010. Id. at ¶ 6.

On October 10, 2010, Garfield Williams fought with a fellow patron at a bar. Pl. Br. at 2; Def. Mem. at 2. Defendant Alexis Williams, Garfield Williams's wife, left the bar and returned with a handgun. Pl. Br. at 2; Def. Mem. at 2. Mr. Williams either took the handgun from Mrs.

Williams's purse, Def. Mem. at 2, or Mrs. Williams handed it to him, Pl. Br. at 2. The parties dispute the exact nature of the ensuing series of provocations, but not the culmination of the fracas, when Mr. Williams shot Marcus Bates, with whom he had no quarrel. Pl. Br. at 2; Def. Mem. at 2. The gunshot wound killed Mr. Bates.  Id. at 3; Id. at 2.

On December 17, 2012, in the Court of Common Pleas of Montgomery County, Pennsylvania, Mr. Williams pled guilty to involuntary manslaughter. Complaint at ¶ 12; Pl. Br. at 3; Def. Mem. at 3. Mrs. Williams pled guilty to tampering with or fabricating physical evidence. Complaint at ¶ 13.

NaQuana Bates, Administratrix and Personal Representative of the Estate of Marcus Bates, deceased, ("Bates Estate"), the joinder defendant in this case, sued Mr. and Mrs. Williams based on negligence, wrongful death, and survival. Id. at ¶ 10. Allstate is providing defense counsel to Mr. and Mrs. Williams subject to reservation of rights letters they sent to them. Id. at ¶ 11.

Allstate asserts that the claims against Mr. and Mrs. Williams are based on Mr. Williams's intentional or criminal conduct, and Mr. Bates's death was a reasonably expected result of that conduct. Id. at ¶ 18. Allstate, citing to the intentional and/or criminal acts exclusion in Mr. Williams's policy, asserts that it has no duty to defend or indemnify either Mr. Williams, the named insured, or Mrs. Williams, his resident-spouse and an insured party. Id. at ¶ 19.

The Bates Estate asks us to treat Allstate's motion for judgment on the pleadings as a motion for summary judgment because it contains evidence outside the pleadings. Def. Mem. at 1.  The Bates Estate argues that the criminal act exclusion does not apply to relieve Allstate of the duty to defend or indemnify because Mr. Williams shot Mr. Bates negligently, not intentionally. Id. at 5. The Bates Estate also contends that Mr. Williams did not intend to inflict

the bodily injury Mr. Bates sustained and that the harm to Mr. Bates was not foreseeable because Mr. Williams thought he was punching someone, not realizing he had a gun in his punching hand. Id. at 9. The Bates Estate furthers argues that we should deny Allstate's motion because there is a dispute of material fact regarding whether Mr. Williams acted negligently or intentionally when he shot Mr. Bates. Id. at 11. The Bates Estate requests, in the alternative, that we stay this motion to allow it to amend the pleadings in the underlying action. Id.

### IV.  Discussion

#### A.  Whether to Construe Allstate's Rule 12(c) Motion as a Motion for Summary Judgment

Rule 12(d) provides that "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56..." Fed. R. Civ. P. 12(d).

The Bates Estate asserts that Allstate has presented material outside the pleadings and that we must treat Allstate's Rule 12(c) motion for judgment on the pleadings as a motion for summary judgment under Fed. R. Civ. P. 56. Def. Mem. at 4. The Bates Estate refers specifically to Allstate's attachment of the criminal docket entries for the Commonwealth's case against Garfield Williams as an exhibit to its motion. Id. Allstate replies that we need not consider extrinsic evidence because Mr. Williams's guilty plea to involuntary manslaughter is not in dispute, and by failing to file an answer to Allstate's Declaratory Judgment Complaint Mr. Williams has effectively admitted the factual averments therein. Pl. Reply at 1-2; Fed. R. Civ. P. 8(b)(6) (providing that "[a]n allegation -- other than one relating to the amount of damages -- is admitted if a responsive pleading is required and the allegation is not denied…" Fed. R. Civ. P. 8(b)(6).

4

In Allstate's declaratory judgment action, the insurer avers that Garfield Williams pled guilty to involuntary manslaughter, Complaint at ¶ 12, and that Alexis Williams pled guilty to tampering with or fabricating physical evidence, id. at ¶ 13. The Bates Estate agrees that Garfield Williams so pled. Def. Mem. at 3. We need not consider extrinsic evidence as to whether Garfield Williams pled guilty to involuntary manslaughter to resolve this motion for judgment on the pleadings as Williams's guilty plea is a material fact that neither party disputes.

Because we exclude evidence extrinsic to the pleadings, we decide Allstate's motion for judgment on the pleadings under Rule 12(c).

### B.    Whether the Criminal Act Exclusion Applies to the Williams's Conduct

The interpretation of an insurance contract is a matter of law for the courts to decide. Paylor v. Hartford Ins. Co., 640 A.2d 1234, 1235 (Pa. 1994); see also Arc Water Treatment Co. of Pa., Inc. v. Hartford Cas. Ins. Co., 2002 WL 32392683 at *2 (E.D. Pa. Mar. 27, 2002) (Green, J.). We may therefore dispose of such Rule 12(c) motions where the sole issue concerns interpreting the policy. Allstate Ins. Co. v. Key-Berthau, 2008 WL 5382924, *5 (E.D. Pa. Dec. 19, 2008) (Baylson, J.).

Under Pennsylvania law an insurer has a duty to defend if the injured party's complaint comes within the policy's coverage. Pacific Indem. Co. v. Linn, 766 F.2d 754, 760 (3d Cir. 1985). The allegations in the complaint determine whether there is an obligation to defend. Id. The Court determines the scope of coverage under the policy and then examines the complaint in the underlying action to determine whether it triggers coverage. Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 226 (3d Cir. 2005); see also Mutual Ben. Ins. Co. v. Haver, 725 A.2d 743, 745 (Pa. 1999) (an insurer's duty to defend and indemnify an insured in a third party's lawsuit depends upon whether the third party's complaint triggers coverage).

5

The parties disagree on the scope of Mr. Williams's Standard Homeowners Policy because it contains a criminal acts exclusion, which as rehearsed earlier reads:

> **We** do not cover any **bodily injury** or **property damage** intended by, or which may reasonably be expected to result from the intentional or criminal acts or omissions of, any **insured person**. This exclusion applies even if:
> d) such **insured person** lacks the mental capacity to govern his or her own conduct;
> e) such **bodily injury** or **property damage** is of a different kind or degree than intended or reasonably expected; or
> f) such **bodily injury** or **property damage** is sustained by a different person than intended or reasonably expected.
>
> This exclusion applies regardless of whether or not such **insured person** is actually charged with, or convicted of a crime.

Complaint at ¶ 16. The policy defines the insured person as the person named on the policy and that person's spouse or relative in the household. Id. at ¶ 17.

We are by no means the first court to interpret this exact language under cognate circumstances. See Allstate Ins. Co. v. Wells, 2009 WL 2137236 at *3-4 (E.D. Pa. Jul. 15, 2009) (Stengel, J.) (finding the insured's intoxication and intent when striking the victim to have no legal effect on the criminal acts exclusion); Key-Berthau, 2008 WL 5382924 at *9 (finding the insured's actions to fall within the exclusion where the underlying factual allegations plainly consisted of intentional conduct); Continental Ins. Co v. Kovach, 2007 WL 2343771 at *11 (W.D. Pa. Aug. 14, 2007) (Conti, J.) (finding that the criminal acts exclusion unambiguously precluded the insurance company's duty to defend and indemnify where the insured's actions constituted a crime in Pennsylvania); Allstate Ins. Co. v. Ervin, 2006 WL 2372237 at *4-5 (E.D. Pa. Aug. 14, 2006) (Stengel, J.) (finding the insurer had no duty to defend an insured whose negligence led to another insured's criminal acts where the policy excluded coverage for bodily injuries arising from the criminal acts of any insured).

The criminal acts exclusion is not ambiguous. It applies to "intentional <u>or</u> criminal acts," not just intentional criminal acts. Complaint at ¶ 16 (emphasis added). <u>Accord</u> <u>Allstate Ins. Co. v. Woods</u>, 2008 WL 961240 at *5 (D.N.J. Apr. 8, 2008) (Bumb, J.) (declining to re-litigate the intentionality of conduct admitted to in a guilty plea because "the language is disjunctive and requires only an intentional <u>or</u> a criminal act that resulted in reasonably foreseeable harm.") (emphasis in original).

Regardless of Mr. Williams's intent, his act was criminal. Tautological as it sounds, acts that violate the Commonwealth's Criminal Code are by definition criminal acts. <u>Kovach</u>, 2007 WL 2343771 at *11; <u>see also</u> <u>Allstate Ins. Co. v. Brown</u>, 16 F.3d 222, 225 (7th Cir. 1994). Mr. Williams pled guilty to involuntary manslaughter, a violation of 18 Pa. C.S.A. § 2504.[1] Complaint at ¶ 12; Pl. Br. at 3; Def. Mem. at 3. Mrs. Williams pled guilty to tampering with or fabricating physical evidence.[2] Complaint at ¶ 13. The criminal acts exclusion applies based on the crimes to which the defendants pled guilty, regardless of whether Mr. Williams shot Mr. Bates negligently or intentionally. There is therefore no dispute of <u>material</u> fact regarding

---

[1] In Pennsylvania, one commits the crime of involuntary manslaughter "when as a direct result of the doing of an unlawful act in a reckless or grossly negligent manner, or the doing of a lawful act in a reckless or grossly negligent manner, he causes the death of another person." 18 Pa. Cons.Stat.Ann. § 2504(a).

[2] In Pennsylvania,
> A person commits a misdemeanor of the second degree, if, believing that an official proceeding or investigation is pending or about to be instituted, he:
> (1) alters, destroys, conceals or removes any record, document or thing with intent to impair its verity or availability in such proceeding or investigation; or
> (2) makes, presents or uses any record, document or thing knowing it to be false and with intent to mislead a public servant who is or may be engaged in such proceeding or investigation.

18 Pa. Cons.Stat.Ann. § 4910.

whether Mr. Williams shot Mr. Bates intentionally or negligently, because that fact is <u>immaterial</u> based on the terms of the exclusion itself.

Similarly, the foreseeability of the injury to Mr. Bates is irrelevant as to whether the criminal acts exclusion applies. The exclusion itself applies even if "such **bodily injury**… is of a different kind or degree than intended or reasonably expected" or "such **bodily injury** or property damage is sustained by a different person than intended or reasonably expected." Complaint at ¶ 16 (emphasis in original).  It is therefore irrelevant whether Mr. Williams thought he "swung at" his intended target with an empty hand or a gun, Def. Mem. at 2; that the injury sustained was a gunshot wound, not a punch; or that the person who sustained the injury was Mr. Bates, not Mr. Williams's intended target.

Therefore, looking at the allegations in the underlying complaint the Bates Estate filed, Allstate has no duty to defend or indemnify Garfield Williams or Alexis Williams. Both the insured and his wife (an insured person under their homeowners policy) pled guilty to criminal conduct. There are no disputed issues of material fact, regardless of how the Bates Estate frames its underlying complaint. Even though the Bates Estate brought what it styled as a negligence action, its phrasing is not determinative of whether Allstate's duty to defend and indemnify has been triggered. Rather, we look at the factual allegations contained in the complaint. See <u>Agora Syndicate, Inc. v. Levin</u>, 977 F. Supp. 713, 715 (E.D. Pa. 1997) (discussing that plaintiffs may not "dress up a complaint so as to avoid the insurance exclusion" and that merely alleging negligence does not trigger an insurer's duty to defend).

We therefore hold that Garfield and Alexis Williams's criminal conduct falls within the criminal acts exclusion of their Allstate homeowners policy.

### C. Whether Requiring Allstate to Defend And Indemnify Would Violate Public Policy

Pennsylvania's public policy prohibits insurance coverage for intentional torts or criminal acts. Agora Syndicate, Inc., 977 F. Supp. at 716; see also Kraus v. Allstate Inc. Co., 379 F.2d 443, 446 (3d Cir. 1967); State Farm Mut. Auto. Ins. Co. v. Martin, 660 A.2d 66, 68 (Pa. Super. Ct. 1995). Under Pennsylvania law, a conviction from a guilty plea is equivalent to conviction by a jury -- as a guilty plea admits to all facts alleged in the Indictment. M.B. ex rel. T.B. v. City of Phila., 128 F. App'x 217, 225-26 (3d Cir. 2005). Criminal convictions are also admissible as conclusive evidence of the criminal acts as conclusive evidence of the criminal acts in civil actions arising from the same operative facts and circumstances. Id. at 226.

Garfield Williams's and Alexis Williams's guilty pleas are equivalent to jury convictions. Their pleas are also admissible since they arise from the shooting death of Marcus Bates, which is at issue in Allstate's declaratory judgment action. Their pleas conclusively establish the criminality of their conduct. It would therefore violate Pennsylvania public policy to require Allstate to defend and indemnify them.

### D. Whether We Should Stay This Motion For the Bates Estate to Amend the Complaint

The Bates Estate requests, in the alternative, that we stay this motion to allow it to amend the pleadings in the underlying action. Def. Mem. at 11. Specifically, the Bates Estate may wish to amend its complaint in the Court of Common Pleas of Montgomery County, Pennsylvania to reflect evidence discovered during the depositions of Garfield and Alexis Williams that Mr. Williams acted negligently, not intentionally. Id. at 12. Allstate replies that there is -- and can be -- no dispute that Garfield Williams pled guilty to involuntary manslaughter as a result of Marcus

9

Bates's shooting death, and nothing Mr. Williams might say can change that incontrovertible fact. Pl. Reply at 5-6.

We agree with Allstate. The legally operative fact, which is not in dispute, is Mr. Williams's guilty plea to the involuntary manslaughter charge in the death of Marcus Bates. Mr. Williams's testimony regarding his intent, or lack thereof, is irrelevant. The Bates Estate's amendment of its underlying complaint will not change the undisputed reality of the guilty plea. We therefore will not stay this motion pending the Bates Estate's potential amendment of their complaint.

## V.   Conclusion

Judgment on the pleadings is warranted because there are no disputed issues of material fact. Allstate does not have a duty to defend or indemnify Garfield Williams or Alexis Williams because their conduct falls within the criminal acts exclusion of their homeowners insurance policy. Their guilty pleas conclusively determine that their criminal conduct is of the kind specifically excluded from the policy's coverage. Requiring Allstate to defend or indemnify them would violate Pennsylvania's public policy.

Allstate is entitled to a judgment in its favor as a matter of law and an appropriate Order and Judgment follow.

> BY THE COURT:
>
> /S/ STEWART DALZELL, J.